```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

| | |
|---|---|
| **PAUL ALLEN**, | : |
| | : |
|     **Plaintiff**, | : |
| | : |
| v. | :    No. 3:02CV2251(DJS) |
| | : |
| **GERARD EGAN, EILEEN MEEHAN,** | : |
| and **NEW LONDON SHERIFF'S** | : |
| **DEPARTMENT** n/k/a **JUDICIAL** | : |
| **BRANCH OF THE STATE OF** | : |
| **CONNECTICUT**, | : |
| | : |
|     **Defendants**. | : |

## MEMORANDUM OF DECISION

Plaintiff, Paul Allen, brings this action against Gerard Egan, Eileen Meehan, and the New London County Sheriff's Department, whose responsibilities have been transferred to the Judicial Branch of the State of Connecticut. Defendants have filed a motion to dismiss (dkt. # 17) certain counts and claims set forth in the Amended Complaint. For the reasons set forth herein, defendants' motion is **GRANTED in part.**

### I. FACTS

The following facts are alleged in the Amended Complaint. Allen is a resident of Preston, Connecticut and was employed as a Special Deputy of the New London Sheriff's Department ("Department") from January of 1996 until November 29, 2000, when a state constitutional amendment abolishing all sheriff's departments throughout the state and shifting the sheriffs' former responsibilities to the Judicial Branch of the State of

Connecticut ("Judicial Branch") took effect.  <u>See</u> Conn. Const. art. 4, § 25, <u>repealed by</u> Conn. Const. amend. art. XXX.  Allen's title is now Judicial Marshal, and he is an employee of the Judicial Branch.  Allen was a retiree of the State of Connecticut prior to his employment as a sheriff and marshal.  Egan was the High Sheriff of New London County and Allen's supervisor at the time Allen began working for the Department.  According to the Amended Complaint, Egan ceased to be Allen's supervisor upon the transfer of the Department's responsibilities to the Judicial Department, at which time Meehan, as the Personnel Manager of the Recruitment, Employee and Marshal Services section of the Judicial Branch, became Allen's supervisor.

 Allen alleges that Egan, prior to the abolition of the sheriff's departments, and Meehan, following the abolition of the sheriff's departments, engaged in a pattern or practice of discriminating against employees on the basis of age.  Allen claims that his age motivated Egan to "demot[e]" Allen from full-time status, which he attained in August of 1999, to part-time status on January 6, 2000, and motivated both Egan and Meehan to deny subsequent requests to restore Allen to full-time status. Allen also alleges that, in 1997, Egan reduced unnamed Special Deputy Sheriffs who were within the protected class, and were also retirees, from full-time to part-time status, and replaced these retirees with persons outside the protected class.  Allen

-2-

further alleges that, in 1997, Egan demoted a retiree Major who was a member of the protected class and replaced him with an individual outside the protected class.  In addition, Allen alleges that Egan demoted a Special Deputy Sheriff who was a member of the protected class and a retiree.

## II. DISCUSSION

Allen sets forth thirteen counts in the Amended Complaint: violation of the Equal Protection Clause of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, against Egan (First Claim) and Meehan (Second Claim); violation of the Due Process Clause of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, against Egan (Third Claim) and Meehan (Fourth Claim); violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., pursuant to 42 U.S.C. § 1983, against Egan (Fifth Claim) and Meehan (Sixth Claim); violation of the ADEA against Egan (Seventh Claim), Meehan (Eighth Claim), and the Judicial Branch (Ninth Claim); negligent infliction of emotional distress against Egan (Tenth Claim) and Meehan (Eleventh Claim); and intentional infliction of emotional distress against Egan (Twelfth Claim) and Meehan (Thirteenth Claim).  Defendants seek dismissal of the Third Claim through the Thirteenth Claim, and certain claims for relief against certain defendants.

## A. STANDARD

When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

## B. ADEA

Allen's age discrimination claims must be dismissed. Allen's age discrimination claims against the Judicial Branch are barred by the Eleventh Amendment and the doctrine of sovereign

immunity.  Generally, a suit for recovery of money may not be maintained against the state itself, or against any agency or department of the state, unless the state has waived its sovereign immunity under the Eleventh Amendment.  See Florida Dep't of State v. Treasure Salvors, 458 U.S. 670, 684 (1982). Absent waiver or abrogation, the Eleventh Amendment bars suits brought in federal court against a state.  See Mancuso v. New York State Thruway Auth., 86 F.3d 289, 292 (2d Cir. 1996) (citing Hans v. Louisiana, 134 U.S. 1, 10-11 (1890)).  The U.S. Supreme Court has held that Congress' purported abrogation of the states' Eleventh Amendment immunity for claims brought pursuant to the ADEA was invalid.  See Kimel v. Florida Board of Regents, 528 U.S. 62, 91 (2000).  Therefore, Allen may not maintain his ADEA claim against the Judicial Branch.

Allen's age discrimination claims[1] against Egan and Meehan fail as a matter of law.  To the extent Allen asserts these claims against Egan and Meehan in their official capacities, they must be regarded as claims against the State of Connecticut, and are therefore barred pursuant to the Supreme Court's holding in Kimel.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S.

---

[1] When referring to Allen's age discrimination claims against Egan and Meehan, the court includes those age discrimination claims Allen seeks to assert pursuant to Section 1983.  There is no justification for allowing Allen to assert ADEA claims under the mantle of Section 1983 when he could not do so directly under the ADEA.

89, 101 n.11 (1984).  To the extent Allen asserts these claims against Egan and Meehan in their individual capacities, the court finds that the holding of the Court of Appeals for the Second Circuit in Tomka v. Seiler, 66 F.3d 1295, 1317 (1995), that "an employer's agent may not be held individually liable under Title VII," applies to the ADEA as well.  Given the similarity of purpose and in the statutory language used in the ADEA and Title VII, there is no reasoned justification for applying a different rule than that set forth in Tomka.  See Stults v. Conoco, Inc., 76 F.3d 651, 655 (5th Cir. 1996).  Therefore, all age discrimination claims against Egan and Meehan fail to state a claim upon which relief may be granted and must be dismissed.

### C. DUE PROCESS

Allen claims that Egan and Meehan violated the Due Process Clause of the Fourteenth Amendment when they "systematically made decisions which were intended to deprive Plaintiff of his rights, privileges and immunities under federal law on the basis of his age without due process."  (Am. Compl., ¶¶ 32 & 39).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."  Mathews v. Eldridge, 424 U.S.

319, 332 (1976).² The Supreme Court has stated that "[w]e have described 'the root requirement' of the Due Process Clause as being 'that an individual be given an opportunity for a hearing before he is deprived of any significant property interest.' . . ." Cleveland Bd. Of Ed. V. Loudermill, 470 U.S. 532, 542 (1985)(quoting Boddie v. Connecticut, 401 U.S. 371, 379, (1971) (citations, footnote omitted)). A procedural due process claim has two components: first, plaintiff must demonstrate that he or she has a property interest in that which the state has allegedly taken, see See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972); and, second, plaintiff must demonstrate that the state deprived him or her of this property interest without due process, see Mathews, 424 U.S. at 333; see also Kentucky Depart. of Corrs. v. Thompson, 490 U.S. 454, 460 (1989).

"Property interests are not created by the Constitution; rather, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" Ciambriello v. County of Nassau, 292 F.3d 307, 313 (2d Cir. 2002) (quoting Bd. of Regents of State Colls. v. Roth,

---

² There is no reading of the allegations set forth in the Amended Complaint that would sustain a substantive due process claim. Allen has not identified any fundamental interest upon which the defendants' actions have impinged.

408 U.S. 564, 577 (1972)). "When determining whether a plaintiff has a claim of entitlement, we focus on the applicable statute, contract or regulation that purports to establish the benefit." Martz v. Incorporated Village of Valley Stream, 22 F.3d 26, 30 (2d Cir. 1994).

Allen has not alleged a constitutionally protected property interest. Here, the Amended Complaint can be construed to allege that Allen had a property interest in remaining or becoming a full-time employee of the Judicial Department. This alleged property interest is on its face less compelling than termination, demotion, or any other comparable loss identified in Supreme Court or Second Circuit precedent. Because Allen's alleged property interest is less than compelling, identifying the alleged source of the property interest is vital to the success of his claim. However, Allen has not alleged in his complaint, nor identified in his memorandum, any source for his claim of entitlement to a property interest. Because his property interest is not compelling on its face, and he has failed to identify a source of this property interest, Allen has failed to state a claim upon which relief may be granted.[3] See,

---

[3] Additional discovery will not give the plaintiff an opportunity to cure this defect. The source of a claim of entitlement is a pure legal question. Allen's failure to identify the source of his claim of entitlement is a fundamental deficiency that cannot be cured by discovery of the facts underlying his claim. However, Allen may amend his complaint to cure this fundamental defect.

e.g., Ware v. City of Buffalo, 186 F. Supp. 2d 324, 334 (W.D.N.Y. 2001) ("Given that the plaintiff does not contend he lost remuneration because of the suspension (other than vacation time benefits), even if his suspension constituted a property interest, it would be 'significantly less compelling than that of an individual who has been denied the very means by which to live.' Costello v. Town of Fairfield, 811 F.2d 782, 786 (2d Cir. 1987)."); Williams v. Perry, 960 F. Supp. 534, 538 (D. Conn. 1996) ("Removal from various work assignments, lack of work assignments, requiring higher standards of performance and conduct, harsher forms of discipline, all fail to demonstrate deprivation of a pecuniary property interest.").

## D. STATE LAW TORTS

Allen's claims for negligent infliction of emotional distress and intentional infliction of emotional distress fail as a matter of law.  Regarding Allen's claims of negligent infliction of emotional distress, the dispositive issue in the employment context is whether the employer's conduct is so egregious that the employer "should have realized that its conduct involved an unreasonable risk of causing emotional distress, and that that distress, if caused, would result in illness or bodily harm."  Perodeau v. City of Hartford, et al., 259 Conn. 729, 751 (2002).  "An individual making an emotional distress claim must show that, as a result of the employer's

conduct, a reasonable person would have suffered emotional distress that might result in illness or bodily harm." Id. at 755 (internal citation omitted).  Further, in the employment context, only conduct occurring during the termination process may give rise to a valid infliction of emotional distress claim. See id. at 762-63.  Here, Allen was not terminated, and any basis for his claims must necessarily have arisen during his employment relationship with defendants.  Therefore, Allen's claims of negligent infliction of emotional distress are barred under the holding of Perodeau.

Allen's claims of intentional infliction of emotional distress must also fail.  With respect to intentional infliction of emotional distress claims, the Connecticut Supreme Court has stated that, in order to recover damages on this theory,

> [i]t must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress and (4) that the emotional distress sustained by the plaintiff was severe.

Peytan v. Ellis, 200 Conn. 243, 253 (1986).  "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine."  Appleton v. Board of Educ. of Town of Stonington, 254 Conn. 205, 210 (2000).  "'Liability has been found only where the conduct has been so outrageous in character,

-10-

and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Id. at 210-11 (citing 1 Restatement (Second) of Torts § 46, comment (d) (1965)).

The allegations set forth in the Amended Complaint do not meet this standard. Allen's allegations, which the court accepts as true for the purposes of this motion, essentially amount to employment discrimination. Although employment discrimination is illegal, it does not per se give rise to a claim for intentional infliction of emotional distress.

### E. ALLEN'S REMAINING CONSTITUTIONAL CLAIMS

Allen has asserted claims under the Equal Protection Clause of the U.S. Constitution. Defendants challenge these claims on various grounds.

First, defendants argue that Allen's claims for monetary damages against Egan and Meehan in their official capacities are barred by the Eleventh Amendment to the U.S. Constitution. The Eleventh Amendment immunity which protects the state from suits for monetary relief also protects state officials sued for damages in their official capacity. See Kentucky v. Graham, 473 U.S. 159 (1985). A suit against a defendant in his official capacity is ultimately a suit against the state if any recovery would be expended from the public treasury. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 n.11 (1984). Section

1983 does not override a state's Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332, 342 (1979).  Therefore, Allen's claims for monetary damages against Egan and Meehan in their official capacities are barred.[4]

Defendants also move for dismissal of Allen's equal protection claims on the ground that his claims for relief based upon events preceding December 19, 1999 are time-barred.  See Conn. Gen. Stat. § 52-577.  Allen argues in response that defendants' conduct constitutes a continuing violation that persists to this date, and therefore his claims are not time-barred.  Defendants' motion is denied with respect to Allen's equal protection claims.  Determining whether the events comprising the basis for Allen's claim are part of a single, continuing course of conduct is fact-intensive, and therefore inappropriate at this stage of the proceedings.  Defendants may, of course, re-assert this defense in a properly supported motion under Rule 56 of the Federal Rules of Civil Procedure.

---

[4] Because the New London Sheriff's Department no longer exists, any claim for injunctive relief against Egan is moot and should be dismissed.

## III. CONCLUSION

For the reasons set forth herein, the Third through the Thirteenth Claims in the Amended Complaint fail to state a claim upon which relief may be granted, and defendants' motion to dismiss (dkt. # 17) is **GRANTED in part** and **DENIED in part**.  The Third through the Thirteenth Claims in the Amended Complaint are **DISMISSED** with prejudice.

Defendant's motion for extension of time (dkt. # 33) is **DENIED as moot.**  A new scheduling order shall issue forthwith.

So ordered this \_\_\_\_ day of January, 2004.

/s/DJS

_____
**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**