```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT
```

```
* * * * * * * * * * * * * * * * * *
                                   *
PAUL ALLEN,                        *
     Plaintiff,                    *
                                   *
V.                                 *    CIVIL ACTION NO.:
                                   *    3:02CV2251(DJS)
GERARD EGAN, EILEEN MEEHAN         *
and the NEW LONDON COUNTY          *
SHERIFF'S DEPARTMENT, NKA          *
JUDICIAL BRANCH OF                 *
THE STATE OF CONNECTICUT,          *
     Defendants.                   *    APRIL 19, 2004
                                   *
* * * * * * * * * * * * * * * * * *
```

### **DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 9(a), the defendants Gerard Egan and Eileen Meehan hereby move for judgment as a matter of law as to the first and second claims of relief in plaintiff, Paul Allen's Amended Complaint. These are the only remaining counts in said Amended Complaint due to Judge Squatrito's prior ruling on the defendants' Joint Motion to Dismiss.

**NO ORAL ARGUMENT REQUESTED**

It is undisputed that:

1. The plaintiff has no cognizable §1983 claim as he had no property interest in working a fifth day;

2. The plaintiff failed to comply with Judge Squatrito's prior ruling that he needed to file an Amended Complaint to attempt to cure the fundamental defect of failing to identify a source of his alleged property right in a fifth day;

3. The Connecticut Department of Labor has already ruled that the plaintiff had no right to his "fifth day";

4. The undisputed statistical evidence establishes that there was no equal protection violation by the defendants;

5. The defendants are entitled to the defense of qualified immunity as the administration clearly had the right to set the work schedules of special deputies (as acknowledged by his own Union!);

6. The plaintiff's §1983 action is time barred.  The plaintiff, in his own words, was aware of the alleged discrimination from the day he was hired, i.e., August of 1995.  The plaintiff failed to bring suit until December 19, 2002;

7. The plaintiff does not present a scintilla of evidence

that defendant Meehan had any personal involvement in hiring/firing of special deputies or in the implementation of administrative policy.

As set forth in the attached Memorandum of Law in support of the defendants' Joint Motion for Summary Judgment, there is no genuine issue of material fact that the defendants, Gerard Egan and Eileen Meehan are not entitled to judgment as a matter of law as to the first and second claims of relief in plaintiff's Amended Complaint.

FOR THE DEFENDANTS,
EILEEN MEEHAN and the NEW LONDON
COUNTY SHERIFF'S DEPARTMENT, NKA
JUDICIAL BRANCH OF THE STATE OF
CONNECTICUT

by_____
    Jane B. Emons
    Assistant Attorney General
    Federal Bar No. CT 16515
    55 Elm Street
    P.O. Box 120
    Hartford, CT 06141
    Phone: (860) 808-5340
    Fax: (860) 808-5385
    Jane.emons@po.state.ct.us


THE DEFENDANT,
GERARD EGAN


By_____
 Jeffrey W. Kennedy (CT 16419) of
 Milano & Wanat LLC
 471 East Main Street
 Branford, Connecticut 06405
 Tel:(203)315-7000
 Fax:(203)315-7007
 Email: jkennedy@mwllc.us

**CERTIFICATE OF SERVICE**

    This is to certify that a copy of the foregoing has been mailed, first-class, post prepaid to:

Francis A. Miniter, Esquire
Miniter & Associates
147 Charter Oak Avenue
Hartford, Connecticut 06106


on this the ___ day of April, 2004.

                                        _____
                                        Jeffrey W. Kennedy