UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL ALLEN )<br>    Plaintiff )<br>)<br>VS. )<br>)<br>GERARD EGAN, EILEEN MEEHAN and the )<br>NEW LONDON COUNTY SHERIFF'S )<br>DEPARTMENT, NKA JUDICIAL BRANCH OF )<br>THE STATE OF CONNECTICUT )<br>    Defendant | CIVIL ACTION NO:<br>3:02CV2251 (DJS)<br><br><br><br><br><br>MAY 24, 2004 |

**PLAINTIFF'S 56(A)(2) STATEMENT**

Pursuant to Local Rule 56(a)(2), the following are Plaintiff's responses to the Defendants' 56(a)(1) Statement of Facts Not in Dispute:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted that when he was hired he agreed to work 4 days aw week; Denied in that Plaintiff was eventually given full time work. See Affidavit of Allen ¶10 .

5. The first sentence is denied. See Affidavit of Allen ¶10.

6. Admitted insofar as the Plaintiff acknowledges that Defendant Egan sent out the memo dated November 3, 1995 and attached as Exhibit 4.

7. Denied. See Exhibit 1, Paul Allen Depo, pp. 30-35.

8. Admitted insofar as the Complainant was notified in writing, per his request, that he was to return to his earlier four day per week schedule. Denied that he was returned to part time status when the employee was able to return from his comp leave. See Affidavit of Allen ¶10.

9. Admitted, but responding to such ad would have meant a demotion to Plaintiff. See Affidavit of Allen ¶17 and Exhibit A.

10. Admitted, but responding to such ad would have meant a demotion to Plaintiff. See Affidavit of Allen ¶17 and Exhibit A.

11. The Plaintiff denies that he never requested a full time position. See Affidavit of Allen ¶11-16. Plaintiff's supervisor, Tom Conners, promised that he would put the Plaintiff's name on the list to be called in of Fridays. See Affidavit of Allen ¶19 and Exhibit C.

12. The last sentence of Paragraph 12 is denied. See Affidavit of Allen ¶11. The remainder of the Paragraph is admitted.

13. Admitted.

14. Admitted.

15. Admitted, insofar as it was the first request in writing. Plaintiff repeatedly asked verbally to be reinstated to full time. See Affidavit of Allen ¶11, 14.

16. Denied. Plaintiff's time for personal days, holidays, sick time, etc. were called a leave of absence when in reality, they were approved days off. As a per diem employee, he received no vacation or personal time. See Affidavit of Allen ¶13, 16.

17. Denied. Plaintiff's time for personal days, holidays, sick time, etc. were called a leave of absence when in reality, they were approved days off. As a per diem employee, he received no vacation or personal time. See Affidavit of Allen ¶13, 16.

18. The first sentence is admitted. The second sentence is speculative.

19. Admitted.

20. Admitted. However Plaintiff's supervisor, Tom Conners, promised that he would put the Plaintiff's name on the list to be called in of Fridays. See Affidavit of Allen ¶19 and Exhibit C.

21. The Plaintiff has no knowledge. However, co-workers, Ken Jaskiewicz and Vic DeBartolo, believe that younger people were hired after them and given full time status. See Affidavit of Jaskiewicz ¶6; Affidavit of DeBartolo ¶9.

22. Admitted.

23. Admitted, but Sheriff Egan gave special consideration to his friends. See Affidavit of Riley ¶5.

24. Admitted.

25. Admitted.

26. Admitted, but such finding is irrelevant to this action.

27. Admitted.

28. Admitted, but such finding is irrelevant to this action.

29. Admitted, but Plaintiff filed with the EEOC, so his claim is valid.

30. Admitted, but such finding is irrelevant to this action.

31. Admitted, but such finding is irrelevant to this action.

32. Admitted, but such finding is irrelevant to this action.

33. Admitted, but such finding is irrelevant to this action..

34. Admitted.

35. Admitted, but see Affidavit of Allen ¶18 and Exhibit B thereto, which is Memorandum drawn up by Meehan establishing working conditions for the Marshals.

36. Admitted.

37. Admitted, but see Affidavit of Allen ¶18 and Exhibit B thereto, which is Memorandum drawn up by Meehan establishing working conditions for the Marshals.

38. Admitted.

39. Admitted, but see Affidavit of Allen ¶18 and Exhibit B thereto, which is Memorandum drawn up by Meehan establishing working conditions for the Marshals.

40. Denied. See Affidavit of Allen ¶18 and Exhibit B thereto, which is Memorandum drawn up by Meehan establishing working conditions for the Marshals..

41. Denied. See Affidavit of Allen ¶18 and Exhibit B thereto, which is Memorandum drawn up by Meehan establishing working conditions for the Marshals.

42. Admitted, but Sheriff Egan gave special consideration to his friends. See Affidavit of Riley ¶5.

43. Admitted, but Sheriff Egan gave special consideration to his friends. See Affidavit of Riley ¶5.

## MATERIAL FACTS IN DISPUTE

1. Whether Egan acted out of spite or had a legitimate reason for his actions that was rationally related to his policy that older retirees with pensions were not allowed to work full time. See Affidavit of Allen ¶15; Affidavit of Debartolo ¶5-8; Affidavit of Hawks ¶7; Affidavit of Hinse ¶6 ; Affidavit of Miller ¶5-6; Affidavit of Riley ¶4-7.

2. Whether Plaintiff was asked to "fill in" for another Special Deputy Sheriff while he was out on Workers Compensation, or whether he was told he would be given five days. Affidavit of Allen ¶10.

3. Whether, as Personnel Manager of the Recruitment, Employee and Marshal Services Section of the Judicial Branch of the State of Connecticut, Defendant Meehan had to power to hire, fire and change and set policy that would effect the terms and condition of Plaintiff's employment. Affidavit of Allen ¶18 and Exhibit B thereto.

4.     Whether Plaintiff was required to fill out a job application to achieve full time status, given that it would mean the Plaintiff would have to take a demotion from JM2 to JM1. Affidavit of Allen ¶17.

THE PLAINTIFF

By_____
Francis A. Miniter
Christine E. Corriveau
Miniter & Associates
100 Wells Street Unit 1-D
Hartford, CT 06103
860-560-2590 ct 09566/21212

CERTIFICATION

      I hereby certify that a copy of the foregoing was mailed to the following this _____ day of May, 2004:

Jane B. Emons, AAG
55 Elm Street
P.O. Box 120
Hartford, CT 06141

Jeffrey W. Kennedy
Milano & Wanat
471 East Main Street
Branford, CT 06405

                                                _____
                                                Francis A. Miniter
                                                Christine E. Corriveau