UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL ALLEN         Plaintiff | ) ) ) | CIVIL ACTION NO:         3:02CV2251 (DJS) |
| VS. | ) ) | |
| GERARD EGAN, EILEEN MEEHAN and the NEW LONDON COUNTY SHERIFF'S DEPARTMENT, NKA JUDICIAL BRANCH OF THE STATE OF CONNECTICUT         Defendant | ) ) ) ) ) | MAY 10, 2004 |

STATE OF CONNECTICUT
                                        ss: Hartford        May ____, 2004
COUNTY OF HARTFORD

**AFFIDAVIT OF PAUL ALLEN**

The undersigned, being over the age of eighteen years, and believing in the obligations of an oath, and being duly deposed, hereby make affidavit and state:

1. I have been employed as a Special Deputy Sheriff (now a Judicial Marshal) of the New London County Sheriff's Department, now known as the Judicial Branch of the State of Connecticut, for approximately 8 years.

2. At the time of my hire, I was forty-nine (49) years of age and a retiree from the State of Connecticut.

3. From the beginning of my employment until on or about December 2000, Defendant Gerard Egan was the High Sheriff of New London County.

4. From December 2000 to the present, Defendant Eileen Meehan was the Personnel Manager of the Recruitment, Employee and Marshal Services Section of the Judicial Branch of the State of Connecticut.

5. Since November of 1995, the Sheriff's Department has engaged in a continued and systematic pattern of discrimination toward Special Deputy Sheriffs based on age.

6. At the time of my hire in January 1996, the Defendants Gerard Egan and the New London Country Sheriff's Department informed me that I was not eligible for full time work due to my status as retiree of the State of Connecticut. Consequently, I was only allowed to work four days a week.

7. Over time, the Defendants Gerard Egan and the New London Country Sheriff's Department continued a pattern and practice of discriminating against their employees within the protected class, age. For example, since May 1997, the Defendants reduced Special Deputy Sheriffs who were within the protected class and were also retirees from full time status to part time status, and replaced them with persons outside of the protected class.

8. In August 1997, Defendants demoted Major Joe Riley who was both in the protected class and a retiree to Special Deputy Sheriff and transferred the individual to a less desirable work location. This individual was replaced by Marty Lane, an individual outside of the protected class.

9. In 1999, the Defendants demoted Frank Paparelli, a Special Deputy Sheriff who was in the protected age class and a retiree, from second in command and transferred him to a less desirable work location. They also took one of his days away from him. At the same time, they took one day away from Hank Kerr, who was also in the protected age class and a retiree. These days were given to two younger Special Deputy Sheriff, Judy Leffingwell and Diane Hatfield.

10. In August, 1999, I attained full time status, and was allowed to work five (5) days a week. I worked without incident until January 6, 2000, when the Defendants Gerard Egan and the New London Country Sheriff's Department informed me that I was being demoted to part time status, four days a week. Egan gave my fifth day to Robert Foltz, who was younger than me. The Defendants claim that Plaintiff was originally given the fifth day because Special Deputy Sheriff Bouchard was out on compensation and they needed a replacement. In fact, Bouchard returned in October, 3 months before Egan demoted me in January, 2000. Bouchard's return in October had nothing to do with my demotion in January.

11. I have requested full time status since that time, but was not given it until October 31, 2003, when I was promoted to Lead Marshal.

12. The majority of other Special Deputy Sheriffs who were also over the age of 40 and State of Connecticut Retirees are not allowed full time status while individuals outside the protected class are allowed to work full time.

13. Because I was a per diem employee, the time I took off in 1996 through 1998 for vacation, holidays, sick time, personal days, etc. were all counted as "weeks of absence." I never took a leave on absence during that time. All of the vacations, holidays, sick time and personal days that I took in this period were authorized by my supervisor.

14. I had always requested verbally to my supervisors, in particular, Egan, that I work 5 days a week. Whenever the Sheriff's Department posted an opportunity to work 5 days a week, I always signed up for it.

15. Egan was adamant in not giving me a fifth day. For example, one day I met Egan at the door and asked him if I could not work at the courthouse for five days, if he would allow me to work serving papers for the fifth day. Egan became irate and stated that "all retirees are just a bunch of greedy pigs."

16. Regarding the Affidavit of Leigh Julian, I put myself on every list to work on Fridays that I was aware of and I continually requested to my supervisors to work 5 days a week. The only times that I was asked to work on a Friday, I was asked late on a Thursday, when I already had plans made for Friday. In addition, if I turned down 94 days in 2 years, it would seem that I should have been a full-time employee. Egan and Meehan never intended to ask me to work those 94 days, although they knew I desired them.

17. Attached as Exhibit A is the application for employment that the Defendants claim I needed to fill out if I wanted a 5th day. This makes no sense to me because the application is for

the position of JM1 and I was already a JM2. Filling the application out would require me to take a demotion.

18. I received Exhibit B, attached hereto, on my desk at work. It is a memorandum from Eileen Meehan, outlining policies for rates of pay, leaves of absence, and other employment conditions relating to Marshals within the Judicial Department.

19. Attached as Exhibit C is the memo dated January 6, 2000 from my supervisor, which informed me that I was demoted to 4 days a week. The last line of it claims "Your name will be placed in the pool of employees available for call in on Fridays." Yet, the Affidavit of Leigh Julian claims my name did not appear on any call-in list for 2000 and 2001.

20. In addition to my numerous verbal requests, I put in written requests to work full time at least on three occasions . See Exhibit D attached hereto.

Dated at Hartford, Connecticut this \_\_\_\_ day of May, 2004.

_____
Paul Allen

Subscribed and sworn to before me this \_\_\_\_ day of May, 2004.

_____
Christine E. Corriveau
Commissioner of the Superior Court