UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL ALLEN, | : | CIVIL ACTION NO. 3:02CV2251 (DJS) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| GERARD EGAN, EILEEN MEEHAN | : | |
| and the NEW LONDON COUNTY | : | |
| SHERIFF'S DEPARTMENT, NKA | : | |
| JUDICIAL BRANCH OF | : | |
| THE STATE OF CONNECTICUT, | : | |
| *Defendants* | : | JUNE 2, 2004 |

**DEFENDANTS' JOINT REPLY BRIEF TO PLAINTIFF'S**
**OBJECTION TO JOINT MOTION FOR SUMMARY JUDGMENT**

Gerard Egan and Eileen Meehan submit their reply brief in support of their Motion for Summary Judgment in this matter. As a matter of law, based upon the material facts not in dispute, the defendants are entitled to judgment in their favor.

In his opposition, plaintiff does not dispute the legal standards and case authority set forth in the defendants' memorandum in support of their motion. Left arguing the undisputed facts, plaintiff admits nearly all of the defendants' material facts not in dispute.

Thus plaintiff relies primarily upon his new affidavit and affidavits of some eight (8) co-workers to raise additional fact instances to support his equal protection claim. These additional instances are either newly-minted or were omitted from his EEOC Complaint, his discovery responses, and his complaint in this lawsuit. Other of these instances are directly contradicted by his deposition testimony and discovery responses. Notwithstanding the "new" affidavits, the defendants maintain that plaintiff cannot establish that he was treated differently from others

similarly situated and that the selective treatment that he received was based on impermissible considerations.

### A. Plaintiff's Rule 56(a)(2) Statement.

Although plaintiff argues that the defendants Egan and Meehan maintained a "policy" that violated his equal protection rights, it is remarkable that plaintiff admits to nearly all of the Defendants' Material Facts Not in Dispute. Those facts are deemed admitted as a matter of law, because an "insufficient knowledge" response is clearly outside of the scope established by Local Rule 56(a)2. As explained by Judge Hall,

> Unlike the Federal Rule for answering a complaint, Local Rule 9(c)(2) [now renumbered as Local Rule 56(a)(2)] does not permit a non-movant to claim that he lacks sufficient knowledge to admit or deny a factual assertion. Compare Fed. R. Civ. P. 8(b)("If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial."), with D. Conn. Loc. R. Civ. P. 9(c)(2)("The papers opposing a motion for summary judgment shall include a document . . ., which states . . . whether each of the facts asserted by the moving party is admitted or denied."). A party responding to a motion for summary judgment presumably has conducted discovery and shall have a reasonable, factually supported basis to admit or deny any factual assertions made in the case. Therefore, the court considers admitted any statement with which the plaintiff lacks sufficient knowledge to agree or disagree. See D. Conn. Loc. R. Civ. P. 9(c)(1)("All material facts set forth in [movant's] statement will be deemed admitted unless controverted by the statement required to be served by the opposing party."); Cooper v. Ragaglia, 3:96CV-530(EBB), 1999 WL 1067680, at *2 (D. Conn. Oct. 19, 1999)("The purpose of a Rule 9(c)(2) Statement is to make affirmative statements which will aid and inform the Court.").

Hogan v. Judicial Branch, 220 F. Supp. 2d 111, 115 n.1 (D. Conn. 2002), affd, Hogan v. Conn. Judicial Branch, 203 U.S. App. Lexis 7410 (2d Cir. 2003).

As to plaintiff's general denials to Defendants' Facts ¶¶ 8, 11, 12, 16 and 17, the plaintiff offers no documentary or other admissible evidence in support of his denials. Plaintiff relies upon his "new" affidavit to support these "strategic" denials.

2

For his general denials, plaintiff fails to provide the court with "a specific citation to (1) the affidavit of a witness competent to testify to the facts at trial and/or (2) evidence that would be admissible at trial" as required by Local Rule Civ. P. 56(a)3. As such, the above-referenced paragraphs must be deemed admitted. *See* attached rulings on Motions for Summary Judgment, Gaunichaux v. DCF, 3:00CV0392(EBB), dated October 4, 2002; Brown v. Western Connecticut State University, 3:01CV1017(JBA), dated July 10, 2003; and Coger v. Department of Administrative Services, 3:98CV1593(EBB), dated March 12, 2004 (copies attached).

For ¶ 7, plaintiff cites his deposition transcript at pp. 30-35. Those citations support the facts alleged; they do not contradict them. Moreover, the plaintiff has supplied no documentary evidence to counter the January 6, 2000 Memorandum found as Exh. 5 in defendants' Joint Statement of Material Facts Not in Dispute, wherein it is clear that plaintiff had worked as a "replacement" for an individual who was out on worker's compensation. (Defendants Facts Exh. 5; Deposition of Paul Allen, Defendants' Facts Exh. 1, p. 32). Most significantly, plaintiff uses the words "promoted" and "demoted" in reference to the January 6, 2000 incident. He had not **and cannot**, provide the court with documentation supporting his claims of promotion and demotion because they simply do not exist. There is simply no material fact in dispute as to this issue.

Lastly, plaintiff denies that Eileen Meehan had authority to hire, fire, demote, set policy, and/or change the terms and conditions of employment for sheriffs or employees of the Judicial Department (¶¶ 40, 41). Plaintiff attaches Exhibit B in support of his denial – a memorandum from Ms. Meehan. This memorandum is nothing more than a memorialization by the Personnel Manager of existing rules in the Judicial Department. There is no evidence from this

memorandum that Ms. Meehan established and/or enforced those rules.  Plaintiff's denials as to Ms. Meehan should, therefore, be disregarded.

### B. Plaintiff's New Allegations of Discrimination Should Be Disregarded.

In an effort to bolster his allegation of insidious discrimination, the plaintiff by means of his affidavit and the affidavits of eight (8) co-workers, has introduced certain "new" facts not previously raised in his deposition (Defendants' Facts Exh. 1), his EEOC Complaint (Defendants' Facts Exh. 17), his Complaint and his Responses to Interrogatories and Requests for Production.

"It is black letter law that affidavits which contradict prior deposition testimony are disregarded on summary judgment motions."  EEOC v. Johnson & Higgins, Inc., 1998 U.S. Dist. LEXIS 17612 (S.D.N.Y. 1998).  "It is well settled in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment."  Id., *citing*, Mack v. United States, 814 F.2d 120, 124 (2d Cir. 1987); Raskin v. Wyatt Co., 125 F.3d 55, 63 (2d Cir. 1997) ("We follow the rule that 'a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony.'"); Hayes v. New York City Dep't of Corrections, 84 F.3d 614, 619 (2d Cir. 1996).  Thus plaintiff cannot escape his sworn deposition testimony by means of his new self-serving affidavit that offers no material documentary evidence in support of his claims.

Plaintiff has included affidavits from eight (8) co-workers in support of his equal protection claims.  Not one of those affidavits cites to a single act on the part of Eileen Meehan.  As to allegations directed at Gerard Egan, not one of the attached affidavits cites a cognizable fact that could be found to fall within three years prior to the filing of plaintiff's complaint.  For

the most part, the affidavits negligent to define the alleged discriminatory acts with reference to time.

Plaintiff should be precluded at this late date from raising brand-new claims of others, in an opposition to a dispositive motion. Moreover, plaintiff cannot survive summary judgment by mere allegations or conclusory statements. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Champion v. Artuz, 76 F.3d 483, 485 (2d Cir. 1996); Parker v. Chrysler Corp., 929 F. Supp. 162, 165 (S.D.N.Y. 1996).

In essence, by submitting the affidavits of eight (8) co-workers, plaintiff is asking this Court to utilize a disparate impact theory in its analysis and determination of this summary judgment motion. The United States Supreme Court has unequivocally determined that a disparate impact analysis may not be used to determine whether or not an individual was treated differently from others similarly situated. Raytheon Co. v. Hernandez, 124 S.Ct. 513, 519-20 (2003).

> This Court has consistently recognized a distinction between claims of discrimination based on disparate treatment and claims of discrimination based on disparate impact. The Court has said that "'[d]isparate treatment' . . . is the most easily understood type of discrimination. The employer simply treats some people less favorably that others because of their race, color, religion, sex, or [other protected characteristic]." *Teamsters v. United States,* 431 U.S. 324, 335, n. 15, 52 L.Ed.2d 396, 97 S.Ct. 1843 (1977). See also *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609, 123 L.Ed.2d 338, 113 S. Ct. 1701 (1993) (discussing disparate-treatment claims in the context of the *Age Discrimination in Employment Act of 1967).* Liability in a disparate-treatment case "depends on whether the protected trait . . . actually motivated the employer's decision." *Id.*, at 610, 123 L.Ed. 2d 338, 113 S.Ct. 1701. By contrast, disparate-impact claims "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Teamsters, supra*, at 335-336, n. 15, 52 L.Ed.2d 396, 97 S.Ct. 1843. Under a disparate-impact theory of discrimination, "a facially neutral employment practice may be deemed [illegally discriminatory] without evidence of the employer's subjective intent to discriminate that is required in a 'disparate-treatment' case." *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 645-646, 104 L.Ed.2d 733, 109 S.Ct.

2115(1989), superseded by statute on other grounds, Civil Rights Act of 1991, § 105, 105 Stat. 1074-1075, 42 U.S.C. § 2000e-2(k) (1994 ed.) [42 USCS § 2000e-2(k)].

Id.

To the extent that this case is not a class action, and to the extent that the sole plaintiff improperly attempts to allege a disparate impact case, the court should be concerned only with the question discussed below: whether plaintiff was treated differently from others similarly situated and whether the discrimination was invidious.

> **C.    The Plaintiff Does Not Have A Valid Equal Protection Claim As Against Eileen Meehan.**

In short, the defendant Meehan relies upon the facts and law as contained in her Summary Judgment motion. The plaintiff has offered no credible evidence to refute her affidavit and support his claim that Eileen Meehan had any role whatsoever in the hiring, firing, policy making, or any other act that did affect or could affect the terms and conditions of his employment. The defendant Meehan requests that the Court hold that she does not have personal involvement and that the plaintiff's case against her be dismissed.

> **D.    The Plaintiff Does Not Have A Valid Equal Protection Argument As to The Defendant Gerard Egan.**

It is submitted that plaintiff cannot show a violation of his equal protection rights. In LeClair v. Saunders, 627 F.2d 606 (2d Cir. 1980), the United States Court of Appeals for the Second Circuit concluded that, to properly plead a selective treatment equal protection cause of action, a plaintiff must show that:

> (1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith.

Id. at 609. *See, e.g.* Giordano v. City of New York, 274 F.3d 740, 750-51 (2d Cir. 2001);

6

Trieste Rest. v. Village of Port Chester, 188 F.3d 65, 69 (2d Cir. 1999); Crowley v. Courville, 76 F.3d 47, 52-53 (2d Cir. 1996); Zahra v. Town of Southold, 48 F.3d 674, 683 (2d Cir. 1995). The Second Circuit has been "careful to apply each prong of the test separately, finding the failure to satisfy either inquiry fatal to the plaintiff's claim." A.B.C. Home Furnishings, Inc. v. Town of East Hampton, 964 F. Supp. 697, 702 (E.D.N.Y. 1997); Latrieste Rest. v. Village of Port Chester, 188 F.3d 65, 70 (2d Cir. 1999).

### 1.    Plaintiff Cannot Prove Selective Treatment.

To satisfy the first prong of a selective treatment equal protection cause of action, a plaintiff must offer evidence that " he was similarly situated to other persons but was nevertheless treated differently," A.B.C. Home Furnishings, 964 F. Supp. at 702 (citing Gagliardi v. Village of Pawling, 18 F.3d 188, 193 (2d Cir. 1994); Yale Auto Parts, Inc. v. Johnson, 758 F.2d 54, 61 (2d Cir. 1985). "To be similarly situated, the individuals with whom the litigant attempts to compare [himself] must be similarly situated in all material respects" and have "engaged in comparable conduct." Shumway v. United Parcel Service, Inc. 118 F. 3d 60, 64 (2d Cir. 1997).[1]  See also, Yajure v. DiMarzo, 130 F. Supp. 2d 568, 572 (S.D.N.Y. 2001)(noting "[t]he test for determining whether persons similarly situated were selectively treated is whether a prudent person, looking objectively at the incidents, would think them roughly equivalent.")

---

[1]    Shumway discusses the standard for "similarly situated" in the context of Title VII. However, the Second Circuit applies the same Shumway "similarly situated" standard in the context of selective treatment equal protection cases. See e.g. Artiste Rest. v. Village of Port Chester, 188 F.3d 65, 69 (2d Cir. 1999); Hart v. Westchester City Dept. of Social Services, 160 F. Supp. 2d 570, 578 (S.D.N.Y. 2001).

Applying these principles, plaintiff has failed to raise a genuine issue of material fact as to the first prong of his selective treatment cause of action, i.e., that "the person compared with others similarly situated, was selectively treated," LeClair v. Saunders, 627 F.2d 606, 609. Most significantly, plaintiff has **ADMITTED** defendants' statistics that demonstrate that he was **NOT** treated differently. The defendants refer the Court to ¶¶ 22 and 23 of Defendants' Material Facts Not in Dispute. When viewing ¶¶ 22 and 23 in conjunction with the Affidavit of Leigh Julian, (Defendant's Facts Exh. 13), it is readily discernable that the departmental statistics unequivocally refute plaintiff's disparate treatment allegations. It is remarkable that plaintiff ignores these statistics and fails to discuss them in his opposition motion.

Very simply, those statistics reveal as of January, 2001, 47 retirees over age 50, 15 of whom worked full time. Since plaintiff was hired in August 1995, 30 marshals were hired – 17 of whom were full time of those 17 full timers, six were over 40 years of age. As of January 31, 2000, 46 Special Deputy Sheriffs were over 50 years of age, of those 46 – 29 were retirees, eleven of whom worked full time. (Affidavit of Leigh Julian, Defendants' Facts Exh. 13; ¶¶ 22 and 23 in both Defendants' Rule 56(a)1 and Plaintiff's 56(a)2 Statement). Amazingly, plaintiff has offered the affidavit of Marshal Joel Riley, a 68 year old State of Connecticut retiree who, during the years in question, worked five days per week.

It is submitted that based on the statistics alone, plaintiff cannot possibly prove that as a retiree over the age of 50, he was treated differently from others on account of his age or his status as a retiree.

### 2. Plaintiff Cannot Prove Discriminatory Intent on the Part of the Defendants.

Even if plaintiff was able to satisfy the first prong of the selective treatment cause of action, he cannot satisfy the second prong and its requirement to prove that the defendants' actions were "intentionally motivated" to deprive the plaintiff of his "constitutional rights or to maliciously injure [him]." See, LeClair v. Saunders, 627 F.2d 606, 609-10 (2d Cir., 1980). Plaintiff cannot prove any discriminatory intent let alone the even higher standard of malice.

The facts show the absence of intentional discrimination on the part of defendant Egan. The burden rests with the plaintiff to produce substantive evidence showing that **HE** was treated differently on account of his age and/or his status as a retiree. Plaintiff has offered little to counter the documents offered by the defendants that address departmental and/or budgetary needs – all of which date back to 1995. (Defendants' Facts Exh. 4). Numerous references that defendant Egan treated his friends move favorably simply do not rise to the level of insidious discrimination  The defendant Egan requests that the Court hold that plaintiff's selective treatment, equal protection claim is without merit and, thereby grant summary judgment in his favor.

### **CONCLUSION**

For all the foregoing reasons, plaintiff's opposition to defendant's motion for summary judgment is not based on facts but based on pure unsubstantiated and conclusory allegations as presented by the plaintiff. Wherefore, defendant's motion for summary judgment should be granted.

DEFENDANTS,

GERARD EGAN, EILEEN MEEHAN
and the NEW LONDON COUNTY
SHERIFF'S DEPARTMENT, NKA
JUDICIAL BRANCH OF
THE STATE OF CONNECTICUT

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____

Jane B. Emons
Assistant Attorney General
Federal Bar No. 16515
55 Elm Street - P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5383
Email:  jane.emons@po.state.ct.us

DEFENDANTS,
GERARD EGAN IN HIS
INDIVIDUAL CAPACITY ONLY

BY: _____

Jeffrey Kennedy, Esq.
Milano & Wanat
471 East Main Street
Branford, CT  06405
Tel: (203) 315-7000
Fax: (203) 315-7007
Email:  **jkennedy@mwllc.us**

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 2nd day of June, 2004, first class postage prepaid to:

Francis A. Miniter, Esq.
Miniter & Associates
100 Wells Street, Unit 1-D
Hartford, CT  06103

_____
Jane B. Emons
Assistant Attorney General