UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAUL ALLEN,
Plaintiff,

V.

GERARD EGAN, EILEEN MEEHAN and the NEW LONDON COUNTY SHERIFF'S DEPARTMENT, NKA JUDICIAL BRANCH OF THE STATE OF CONNECTICUT,
Defendants.

CIVIL ACTION NO.: 3:02CV2251(DJS)

APRIL 29, 2005

**DEFENDANT'S JURY INSTRUCTIONS**

Plaintiff and Defendants hereby submit these joint proposed jury instructions, with objections noted and, where applicable, alternatives presented, in accordance with the order of the Court. The parties respectfully request leave to supplement their request for jury instructions after the evidence is offered and prior to the charging conference. This request is made in an abundance of caution and on the theory that the parties cannot reasonably anticipate how the evidence will be presented, the court evidentiary rulings, and what instructions will be necessary to enable the jury to reach their verdict.

**I CLAIMS UNDER 42 U.S.C. §1983**

1. The claim before you is based upon U.S.C. §1983. This

claim is directed at the defendant Gerard Egan. Plaintiff claims that the defendant denied him equal protection under the law (i.e., discriminated against him based on his age).

2. The law to be applied in this case is the federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional (or statutory) rights under color of state law. Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.[1]

3. The plaintiff has the burden of proving each and every element of his section 1983 claim by a preponderance of the evidence. If you find that any one of the elements of plaintiff's section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendants.

The defendants have the burden of proving each element of their affirmative defenses. I shall shortly instruct you on the

elements of these defenses. If you find that any one of the elements of defendants' defenses has not been proven by a preponderance of the evidence, you must disregard the defense.[2]

4. To establish a claim under Section 1983, Plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law:

Second, that this conduct deprived the Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the Defendants' acts were the proximate cause of the injuries and consequent damages sustained by the Plaintiff.[3]

I shall now examine each of the three elements in greater detail.

5. Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution an federal statutes. Before Section 1983 was enacted in 1871,

---

1 42 U.S.C. §1983.

2 Gomez v. Toledo, 446 US 635, 100 S.Ct. 64 L.Ed.2d 572 (1980).

3 42 U.S.C. §1983; Parratte v. Taylor, 451 U.S. 527, 533, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981).

people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court. In enacting this statute, Congress intended to crate a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws.

6. The first element of the plaintiff's section 1983 claim is that the defendant acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state (or territory or the District of Columbia). The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

An actor may misuse power that he possesses by virtue of state law even if his acts do not violate state law; what is important is that the defendants were clothed with the authority of state law, and that the defendants' action were made possible

to virtue of state law.[4]

"Acting under color of law" means "under pretense of law" and simply means that the acts complained of would not have occurred but for the act that the person committing them was an official, purporting to exercise his or her official powers. Section 1983 covers not only acts done by an official under color of any state law, but also acts done by a government official under color of any ordinance or regulation issued by the state or any State custom, practice or policy. Therefore, the phrase "under color of state law" includes acts done under color of any state or municipal law, ordinance, code, custom, practice or policy. For purposes of Section 1983, acts are done "under color" of the authority of the State of Connecticut not only when State officials act within the bounds or limits of their lawful authority, but also when such officials act beyond the bounds of their lawful authority as long as the official is purporting to act in the performance of her official duties.[5]

7. The second element of plaintiff's claim is that he was

---

4 Adickes v. S.H. Kress Co., 398 US 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Monroe v. Pape, 365 US 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Screws v. United States, 325 US 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); United States v. Classic, 313 US 299, 61 S.Ct. 1031, 85 L.Ed. 1361 (1941); Hague v. C.I. Co., 307 US 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); Home Telephone & Telegraph Co. v. City of Los Angeles, 227 US 278, 33 S.Ct. 312, 57 L.Ed. 510 (1913); Ex parte Virginia, 100 US 339, 25 L.Ed. 676 (1880).

5 Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 484, 5 L.Ed.2d 492 (1961); City of St. Louis v. Praprotnick, 485 U.S. 112, 120, 108 S.Ct. 915, 922, 49 L.Ed.2d 107 (1988); Monell v. Department of Social Services, 436 U.S. 658, 690, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).

deprived of a federal right by the defendant. In order for the plaintiff to establish the second element, he must show these things by a preponderance of the evidence: First, that the defendant committed the acts alleged by plaintiff; Second, that those acts caused the plaintiff to suffer the loss of a federal right; and Third, that in performing the acts alleged, the defendants acted intentionally or maliciously.[6]

I instruct you that, to establish a claim under section 1983, the plaintiff must show that one or more of the defendants acted intentionally. If you find that the acts of the defendants were merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendants.[7]

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. In determining whether the defendants acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be

---

[6] Maine v. Thiboutot, 448 US 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980); Martinez v. California, 444 US 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980); Baker v. McCollan, 443 US 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); Monell v. Department of Social Services of the City of New York, 436 US 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

[7] Daniels v. Williams, 474, US 327, 106 S.Ct. 622, 88 L.Ed.2d 662 (1986); Davidson v. Cannon, 474 US 344, 106 S.Ct. 688, 88 L.Ed.2d 677 (1986).

able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your disbelief with respect to those facts.[8]

An act is reckless if done in conscious disregard of its known probable consequences. In determining whether the defendants acted with the requisite recklessness, you should remember that while witnesses may see or hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was on their minds and your belief or disbelief with respect to those facts.[9]

An act is negligent if the defendants were under a duty or obligation, recognized by law, that required them to adhere to a certain standard of conduct to protect others against unreasonable risks, and they breached that duty or obligation.[10]

---

8 Modern Federal Jury Instructions, §87.03, Instruction 87-76.

9 Modern Federal Jury Instructions, §87.03, Instruction 87-77.

10 Modern Federal Jury Instructions, §87.03, Instruction 87-76.

**A. FOURTEENTH AMDNEMENT EQUAL PROTECTION CLAIMS**

1. Plaintiff claims that the Defendant Egan violated his rights to equal protection of the laws. The equal protection clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."[11]

2. The equal protection clause essentially requires that all persons similarly situated be treated alike.[12]

3. Equal protection of the law requires not only that laws be equal on their face, but also that they be executed so as not to deny equality. The unequal application of a state law, regulation, rule or practice may act as a denial of equal protection.[13]

4. The plaintiff's cause of action under section 1983 alleges that the Defendants deprived him of his constitutional right to equal protection under the law. The equal protection clause of the Fourteenth Amendment protects recognizable, distinct groups from being "singled out for different treatment

---

[11] United States Constitution, Amendment XIV.

[12] City of Cleburne, Texas v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). Plyler v. Doe, 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786 (1982); Mahone v. Addicks Utility District of Harris County, 836 F.2d 921, 932 (5th Cir. 1980).

[13] Yick Wo v. Hopkins, 118 U.S. 356, 373-74, 6 S.Ct. 1064, 1073, 30 L.Ed. 220 (1886); Mahone v. Addicks Utility District of Harris County, 836 F.2d 921, 932 (5th Cir. 1988).

under the laws as written or applied."[14] In the present case, the plaintiff alleges that he was singled out for adverse treatment as a "class of one." To prevail on this type of claim, the plaintiff must prove by a preponderance of the evidence each of the following elements:

> (1) that he, compared with others similarly situated, was selectively treated; and
>
> (2) that such selective treatment was based on impermissible considerations such as the intent to inhibit or punish the exercise of constitutional rights, or malicious bad faith intent on injuring a person.[15]

The requirement that the plaintiff be treated differently than "others similarly situated" means that the persons to whom the plaintiff seeks to compare himself are similarly situated in all material respects. By this I mean that to a prudent person, looking objectively at the aspects of incidents, would think them to be roughly equivalent. While an exact correlation is not likely or necessary, the circumstances must be similar enough to require a similar result. In other words, apples should be compared to apples.[16] If you find that the plaintiff was not

---

[14] Casteneda v. Partida, 430 US 482, 494 (1977).

[15] Crowley v. Courville, 76 F.3d 47, 52-53 (2nd Cir. 1996); Zahra v. Town of Southold, 48 F.3d 674, 683-84 (2nd Cir. 1995).

[16] Graham v. Long Island Rail Road, 230 F.3d 34 (2nd Cir. 2000); Economic Opportunity Commission of Nassau County, Inc. v. County of Nassau, 106 F. Supp. 2d 422, 439-400 (E.D.N.Y. 2000).

selectively treated as compared to others similarly situated, then this element has not been proved and you must find for the defendants.

If you determine that the plaintiff was selectively treated as compared to others similarly situated, you must then decide if the defendants' conduct was motivated by impermissible considerations such as the desire to punish or inhibit the exercise of the plaintiff's constitutional rights or with malicious bad faith to injure the plaintiff.

As you consider the evidence you must keep in mind that the defendants' business judgment is not the issue, but rather you must focus solely on the defendant's motivation for their actions. The plaintiff must show more than that the defendants made an unwise business decision or an unnecessary personnel move or acted arbitrarily. Good faith errors in business judgment are not, standing alone, evidence of discrimination.[17]

If you find that the plaintiff has proved all of the elements of his claim that his right to equal protection was violated by the defendant, then you must consider the issue of damages.

---

[17] Blale-McIntosh v. Dadbury Beverages, Inc. 1999 U.S. Dist. Lexus 16550 (D.Conn.1999); New England Tel. and Tel. Co., 792 F.2d 251, 255 (1st Cir. 1986); Smith v. Monsanto Chemical Co., 779 F.2d 719, 723 n. 3 (8th Cir. 1985), cert. denied, 472 U.S. 1050 (1986); Cowan v. Glenbrook Security Servs., 123 F.3d 438, 445-46 (Cir. 1997).

5. As state officials, the defendant is immune from personal liability by Connecticut General Statutes §4-165, and is protected by the State of Connecticut from financial loss and expenses arising out of a judgment entered against them for depriving any person of his civil rights, if the deprivation was not wanton, reckless or malicious, and provided that the defendants, at the time of the acts resulting in such deprivation, were acting in the discharge of their duties or within the scope of their employment. If you award the plaintiff damages because of wanton, reckless or malicious conduct of one or more of the defendants, you should keep in mind that the immunity provision may not apply and the defendants may be personally liable for such an award.[18]

**B. <u>IMMUNITY</u>**

1. Should you find that the defendant has violated the plaintiff's equal protection rights, you must then decide whether the defendant is immune from liability. The defense of immunity is to be considered by you only if you find that the plaintiff has proven a deprivation of federal, constitutional, or statutory rights under color of state law and has proven that

[18] Connecticut General Statutes Section 41-165.

the deprivation caused the plaintiff's injury. If you find that the plaintiff has not proven each element of his case by a preponderance of the evidence, then you shall ignore my instructions on the defense of immunity and return a verdict for the defendants.

The plaintiff alleges that he has been harmed by the defendant's actions by denying him his equal protection rights when he was alleged denied a fifth working day. If you find that the defendants engaged in this behavior and that the plaintiff was harmed by it, then you must consider whether the defendant's actions were protected by what is called a qualified immunity.[19]

**C. QUALIFIED IMMUNITY**

1. At the time of the incident giving rise to the lawsuit, it was clearly established law that the Fourteenth Amendment protects public employees' equal protection rights. Even if you find that the defendant did deprive the plaintiff of

---

[19] Authority: United States Supreme Court: Cleavinger v. Saxner, 474 U.S. 106 S.Ct. 496, 88 L.Ed.2d 507 (1985); Briscoc v. LaHue, 460 US 325, 103 S.Ct. 1108, 75 L.Ed. 2d 96 91983); Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, 440 US 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979); Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 91976); Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951).

his constitutional rights, however, the defendant still may not be liable to the plaintiff. That is so because the defendant may be entitled to what is called qualified immunity. If you find that the defendant is entitled to such an immunity, you may not find him liable.

The defendant will be entitled to a qualified immunity if, at the time he deprived the plaintiff of his Constitutional rights as described above, he neither knew nor should have known that his actions were contrary to federal law. The simple fact that the defendant acted in good faith is not enough to bring them within the protection of this qualified immunity. Nor is the fact that the defendant was unaware of the federal law. The defendant is entitled to a qualified immunity only if he did not know what he did was in violation of federal law and if a competent public official could have been expected at the time to know that the conduct was in violation of federal law.

In deciding what a competent official would have known about the legality of the defendant’s conduct, you may consider the nature of the defendant’s official duties, the character of his official position, the information which was known to that

defendant or not known to him and the events which confronted him. You must ask yourself what a reasonable official in the defendant’s situation would have believed about the legality of his conduct. You should not, however, consider what the defendant’s subjective intent was, even if you believe it was to harm the plaintiff. You may also use your common sense. If you find that a reasonable official in the defendant’s situation would believe their conduct to be lawful, then this element will be satisfied.

The defendant has the burden of proving that he neither knew nor should have known that his actions violated federal law. If the defendant convinces you by a preponderance of the evidence that he neither knew nor should have known that his actions violated federal law, then you must return a verdict for the defendant, even though you may have previously found that the defendant in fact violated the plaintiff’s rights under

color of state law.[20]

[20] Authority: Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986); Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); P.C. v. McLaughlin, 913 F.2d 1033 (2d Cir. 1990); Gettens. V. LeFevre, 891 F.2d 38 (2d Cir. 1989); Krause v. Bennett, 887 F.2d 262 (2d Cir. (1989).

THE DEFENDANT,
GERARD EGAN

By ______________________________

Jeffrey W. Kennedy (CT 16419)
of Milano & Wanat LLC
471 East Main Street
Branford, Connecticut 06405
Tel:(203)315-7000
Fax:(203)315-7007
Email: jkennedy@mwllc.us

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been mailed, first-class, post prepaid to:

Francis A. Miniter, Esquire
Miniter & Associates
147 Charter Oak Avenue
Hartford, Connecticut 06106

Jane B. Emons, Esquire
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141

on this the _____ day of April, 2005.

______________________________
Jeffrey W. Kennedy