UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
* * * * * * * * * * * * * * * * * * *
                                    *
PAUL ALLEN,                         *
        Plaintiff,            *
                                    *
V.                                  *      CIVIL ACTION NO.:
                                    *      3:02CV2251(DJS)
GERARD EGAN, EILEEN MEEHAN          *
and the NEW LONDON COUNTY           *
SHERIFF'S DEPARTMENT, NKA     *
JUDICIAL BRANCH OF                  *
THE STATE OF CONNECTICUT,           *
        Defendants.           *      APRIL 29, 2005
                                    *
* * * * * * * * * * * * * * * * * * *
```

## TRIAL MEMORANDUM

1.  **Trial Counsel:**

    For the plaintiff    Francis A. Miniter, Esquire
                         Minister & Associates
                         147 Charter Oak Avenue
                         Hartford, Connecticut 06106

    For the defendant,   Jeffrey W. Kennedy, Esquire
    Gerard Egan          Milano & Wanat LLC
    (individual          471 East Main Street
    capacity)            Branford, Connecticut 06405

    For the defendant,      Jane B. Emons
    Eileen Meehan, and      Assistant Attorney General
    The New London          55 Elm Street
    County Sheriff's        P.O. Box 120
    Department, NKA      Hartford, CT 06141
    J.D. of the State
    of CT

2.  **Jurisdiction**

    The plaintiff maintains that the United States District

Court for the District of Connecticut has subject matter

jurisdiction over this matter under the provisions of §1331 because it asserts a federal claim under 42 U.S.C. §1983.

**3.    Jury - Non-jury**

The plaintiff has elected a trial by jury.

**4.    Nature of case**

The plaintiff claims an equal protection violation against the defendant Egan.  The plaintiff claims this violation occurred when he was taken off a five day a week work schedule and returned to his former four day a week schedule.

**5.    Stipulation of Fact and Law**

**a.    The parties hereby stipulate the following facts:**

1.    The plaintiff, Paul Allen was hired as a Special Deputy with the New London County Sheriff's Department in August of 1995.

2.    On December 1, 2000 the County Sheriff's Organization was abolished by a Constitutional Amendment.

**b.    The parties hereby stipulate to the following legal issues:**

1.    Did Gerard Egan intentionally discriminate against the defendant on the basis of his age in violation of plaintiff's equal protection rights?

2.    Is Gerard Egan entitled to the defense of qualified

immunity?

    3.   Whether the arbitrator's ruling on Case No. SPP-21, 461 acts as collateral estoppel as to the plaintiff's equal protection violation claim?

**6.   Plaintiff's Contentions**

**7.   Defendant's Contentions**

a.   The plaintiff was hired as a Special Deputy with the New London County Sheriff's Department in August of 1995.  He was hired by then High Sheriff, defendant, Gerard Egan (Egan).

b.   The plaintiff was hired after Egan had received a letter from the plaintiff addressed to Chief Deputy Thomas Connors indicating he would like to have Connors "place [his] name on any list for future consideration."

c.   Plaintiff was hired as a per diam employee with a four day work schedule.   The plaintiff agreed to these terms.

d.   The plaintiff was never promised a fifth day of employment by Egan.

e.   Between August 1999 and January 2000 the plaintiff was asked and did agree to fill in for an employee who was on Workers' Compensation, thereby giving him a fifth day of work during that time frame.

f.   The plaintiff was never promised that he would continue to work a fifth when the co-worker came back to work.

g.   Prior to December 1, 2000, Egan maintained, and the

4

Judicial Branch, post-December 2000, continues to maintain a rotational call-in list for those judicial marshals assigned to work additional days.

h.  Prior to November, 2000 the records do not reflect who was called and who refused to work additional days, the records reflect only who accepted additional days.

i.  According to November, 2000 records reflect each person called and whether the offer of additional days was first rejected or accepted.

j.  In the years 2000 and 2001, the plaintiff did not place his name on any call-in or rotation list.

k.  On March 16, 2001 and September, 2001 after the takeover by the judicial department, a statewide recruitment was posted for judicial marshals in all Connecticut courthouses in numerous newspapers in Connecticut.  The plaintiff never made an application for a full-time position.

l.  An e-mail dated March 23, 2001 from Maria Kewer of the Judicial Department and copied to Eileen Meheen directed all trial court administrators to notify Chief Marshals that all judicial marshals who wish to become full-time employees should submit an application to re-posting.  The list of applicants complied by the

5

Judicial Department reveals that the plaintiff never made an application for full-time status.

m.  On July 2, 2001, as a result of an independent labor issue, the Judicial Department entered into an agreement with the Marshals' Union, which agreed that all part-time employees wishing additional days would be called first by the Judicial Department to accommodate need for staffing.  To facilitate this agreement, the Judicial Department requested that all part-time judicial marshals to indicate what days and which judicial district they were interested in working.  The plaintiff responded on two occasions that he wanted "re-instatement of my fifth day" at New London County G.A. 21.

n.  On February 7, 2000, the Union filed a State Prohibited Practice Complaint, Case No. SPP-21, 461 against the State of Connecticut, office of the County Sheriffs, alleging violations for "unilaterally change-[ing] the working conditions of special deputy sheriffs (s) in the County of New London by changing the hours of the work and reducing work force."

o.  The basis of this Complaint was that "in January, 2000, the Chief Deputy issued a memo to an employee by the

name of Allen advising him that his hours of work were being reduced." On September 17, 2000, a "Report Upon Investigation and Recommendation for Dismissal was filed wherein it was found, inter alia, that"

> In the present case, the facts do not demonstrate a violation of the Act because a fixed practice of maintaining employees on a permanent work schedule did not exist. By the Union's own admission, the State has altered work schedules since at least 1995. With respect to changing Allen's schedule, the State defends that action on the basis that he was originally hired as a four (4) day employee but worked five (5) days to fill in for an employee on medical leave. When that employee returned to work, Allen was returned to his four day schedule. Even if this were not the case, however, the State has clearly demonstrated and the Union has conceded to a long standing practice of altering work schedules.

p.   On September 27, 2002, after thorough investigation, the EEOC "determined that it will not bring a lawsuit against the above-named respondent for this particular charge [ADEA]."

q.   In preparation for the plaintiff's prior EEOC Complaint, a review of the records was conducted with regard to all Sheriffs-Judicial Marshals in New London Judicial District. As of January 10, 2001, there were eighty-two judicial marshals. Of those marshals,

7

forty-seven were age fifty (50) or older; thirty-two
(32) were part-time and fifteen (15) were full-time –
this group includes all state retirees.  The remaining
thirty-five (35) Marshals were age forty-nine (49) or
younger; of these, four (4) were part-time and thirty-
one (31) were full-time.  Since plaintiff's date of
hire, August 31, 1995, there have been thirty
appointments for Special Deputy; of those thirty (30)
thirteen (13) were part-time and seventeen (17) were
full-time.  Of the thirteen (13) part-timers hired, ten
(10) were over forty (40) years of age and three (3)
were under forty (40).  Of the full-timers hired, six
(6) were over forty (40) and eleven (11) were under
forty (40).

r.   As of January 31, 2000, there were forty-six (46
     Special Deputies over fifty (50) years of age.   Of
     those forty-six (46), twenty-nine (29) were retirees;
     eleven (11) of the twenty-nine (29) retirees worked
     full-time or five (5) days per week.

s.   The plaintiff did not file with the Connecticut
     Commission on Human Rights and Opportunities (CHRO)
     when he filed his EEOC Complaint.  On January 27, 2003,
     plaintiff filed a CHRO Complaint against the State of

8

       Connecticut Judicial Branch, CHRO, Case No. 0340331. the aforementioned Complaint was dismissed by the CHRO on June 11, 2003 after a merit assessment review.

t.   A reconsideration requested dated June 17, 2003 was filed on June 18, 2003 which indicated, inter alia, "Mr. Allen is not claiming that State of Connecticut retiree is a protected status. Mr. Allen's age is his protected status."

u.   The plaintiff's request for reconsideration was rejected on January 27, 2004.

v.   The plaintiff's schedule was changed to provide a fifth day of work on October 31, 2003.

w.   Egan's position as High Sheriff ended along with his authority over any sheriff on November 30, 2000.

**8.   Legal Issues**

       **Plaintiff's Legal Issues:**

**Defendant's Legal Issues:**

     a.    Whether Gerard Egan is entitled to a defense of qualified immunity?

**9.   Voir Dire Questions**

**Plaintiff's voir dire questions are as follows:**

**Defendants' voir dire questions are as follows:**

The defendant respectfully requests the opportunity to personally voir dire the perspective jurors, in addition to the Court's general inquiry and submission of the Jury Questionnaire. Defendants hereby expressly agree to limit the duration of such questions as the Court shall direct.

**Defendants' Alternate Request for Voir Dire Questions**

If the foregoing request should be denied, the Defendants then request that the following questions be put to each prospective juror to ensure the impartiality of the jury and to permit informal exercise of challenges.

The undersigned defendants request that each of the prospective jurors be required to identify themselves, giving their number, name, their address for the past five years, the occupation for the past five years and occupation of their spouses for the past five years. The defendants request that they then be asked the following questions:

1.  Are you or any members of your family related to any of the attorneys representing any of the parties to this action? If so, what is the relationship?

2.  Have you or any members of your family or friends ever been represented by, or are you or they socially acquainted with, any of the attorneys who represent any

of the parties to this action?  If so, state when and where the representation of such attorney, or the extent of the acquaintance with such, occurred.

3.   Do you or any members of your family or friends know the plaintiff or any members of his family?

4.   Do you have any knowledge about this lawsuit or any other lawsuit involving the actions of any of the defendants or of the plaintiff?

5.   Do you or any members of your family or friends know any of the people who are expected to be witnesses in this case or any of the organizations with which the witnesses are associated?

6.   Do you have any particular feelings concerning the defendant which would in any way affect your ability to be fair and impartial in this case?

7.   Have you or any members of your family or friends ever studied law?

8.   Have you ever been a party to a lawsuit or brought a claim for money damages, if so:

   a. Did you bring the suit or claim or was it brought against you;

   b. What was the nature of the lawsuit or claim;

   c. How was the suit or claim resolved.

9.   Have you or any members of your family or friends ever worked for a lawyer?

10.  If you should find that, under the law given by the Judge, the evidence favors the defendants, will you have any hesitancy returning a verdict for those defendants?

11.  is there any one of you who, if instructed to do so by the Judge, could not or would not be able to put aside all natural feelings of sympathy during jury deliberations and decide this case strictly on the facts and the law?

12.  Do any of you feel, for any reason, that you could not fairly decide the case?

13.  Is there any one of you who would find it extremely difficult, if not impossible, to follow the Judge's instructions not to discuss the case outside the courtroom with anyone, including family members, and not to read about the case or listen to any possible broadcasts about it on the radio or in television?

14.  Are there any among you who feel that merely because a person brings a lawsuit and claims money damages that such person is entitled to be awarded damages by a jury without first proving that the defendants are liable under the law?

13

15.  Are there any among you who feel that merely because the defendants have been sued that they must have done something wrong or must legally be at fault?

16.  Are there any among you who feel that even if the plaintiff fails to prove his case against the defendants, you could not or would not send the plaintiff home without any money because he may have suffered and incurred expenses?

17.  Do any one of you feel now, before hearing any of the evidence, that you are inclined to lean towards any party or be sympathetic towards the position of any party?

18.  Do any of you know anything about the circumstances surrounding this lawsuit?

19.  Is there any reason whatsoever that you feel that you simply would rather not serve on this jury?

20.  Have you or any members of your family had any experience with any officer or employee of the State of Connecticut including the Attorney General's Office and the Department of Transportation or any other agency which would prevent you from considering the evidence impartially and fairly?

21.  The court will instruct you that each defendant must be judged by you on the basis of his or her own conduct.

The actions of one defendant cannot be attributed to another. Does anyone believe that they will have difficulty accepting that instruction?

22. Have you or any members of your family even been sued by the State of Connecticut or any other governmental agency? Have you or has a member of your family ever brought suit against the State of Connecticut or any other governmental agency?

23. Have you or any members of your family ever been arrested?

24. Have you or any members of your family ever been convicted of a crime?

25. The individual defendant in this case is part of management. Do you have any feelings or opinions about management that would interfere with your ability to fairly judge the defendant in this case? Do you have any feelings or opinions about unions that would interfere with your ability to fairly judge the defendants in this case.

26. Do you have any feelings or opinions about the state employees, their abilities or general competence that would interfere with your ability to fairly judge the defendants in this case?

27. Have you ever worked for an employer that employed more than fifty employees?  If so, in what capacity and for what period of time?

28. Have you, or has any member of your family, been an employee of the State of Connecticut?  If so, do you believe that you or your family member was treated fairly by the State of Connecticut as an employer, and if not, why not?  Do you believe that might affect your ability to judge this case fairly, and if so, in what way?

29. Have you read, heard, or been exposed to any unfavorable comments about the State of Connecticut, Department of Transportation?

30. This case also involves the plaintiff's claim of retaliation for exercising his First Amendment right to free speech, by the Plaintiff, a state employee, against his former supervisors and managers.  Have you or has any member of your family had any experience with this issue in any type of lawsuit that would prevent you from impartially and fairly evaluating this case?

31. Have you, or any member of your family or circle of friends, ever filed a complaint against an employer, supervisor or co-workers?  If so, what was the nature and circumstances of that complaint?  If so, do you feel that

16

those opinions would affect your ability to judge this case fairly and impartially?

32. Have you ever served on a jury before?  Where?  What kind of case (civil or criminal)?  Were you able to reach a verdict?

33. If, after hearing the evidence in this case and this Court's instructions, you found that the Defendants did not retaliate against the Plaintiff, would you have any difficulty deciding in the Defendants' favor, even though the Plaintiff would receive no monetary reward?

34. Have you or any member of your family been disciplined or treated less favorably at work for what you believe to be for reasons other than your job performance?

35. Have you ever felt that you had been the subject of discrimination or retaliation?

36. Have you, or any member of your family or circle of friends, ever been terminated from a job or denied a job opportunity or promotion or contract extension by your employer?  If the answer to the foregoing question is yes, do you feel that you/such person was treated unfairly, and if so, why?

**10.    List of witnesses**

**Plaintiff's List of Witnesses**

**Defendant's List of Witnesses**

The Defendants hereby submit their attached list of witnesses in accordance with the Trial Memorandum Order. Defendants do not claim that this is an exhaustive explanation of the testimony expected from each witness and reserves the right to inquire of each witness on all matters relevant to this proceeding. An effort has been made to be over-inclusive in light of the Court's order that persons not listed may not be called. The defendants also reserve their right to call rebuttal witnesses to refute evidence offered by the plaintiff at trial. The defendants may need to add or delete names from the witness list as new information is learned or after the court rules on any of the defendants' Motion in Limine.

**11.  Exhibits**

See attached Plaintiff's Exhibit List.

See attached Defendant's Exhibit List.

(This section will be supplemented once the defendant receives the plaintiff's Exhibit List.)

THE DEFENDANT,
GERARD EGAN


By  _____
        Jeffrey W. Kennedy (CT 16419)
        of Milano & Wanat LLC
        471 East Main Street
        Branford, Connecticut 06405
        Tel:(203)315-7000
        Fax:(203)315-7007
        Email: jkennedy@mwllc.us

20

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been mailed, first-class, post prepaid to:

Francis A. Miniter, Esquire
Miniter & Associates
147 Charter Oak Avenue
Hartford, Connecticut 06106

Jane B. Emons, Esquire
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141

on this the _____ day of April, 2005.


_____
Jeffrey W. Kennedy