**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| PAUL ALLEN )<br>    Plaintiff )<br>)<br>VS. )<br>)<br>GERARD EGAN, EILEEN MEEHAN and the )<br>NEW LONDON COUNTY SHERIFF'S )<br>DEPARTMENT, NKA JUDICIAL BRANCH OF )<br>THE STATE OF CONNECTICUT )<br>    Defendant | CIVIL ACTION NO:<br>3:02CV2251 (DJS)<br><br><br><br><br><br>MAY 12, 2005 |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**Proposed Jury Charge No. 1.**     **BURDEN OF PROOF**

In a civil case such as this case is, the plaintiff has the burden of proving each element of her claim. In this case, the plaintiff must prove each element by a preponderance of the evidence. To prove a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. Therefore, the plaintiff must prove more than simple equality of evidence. If, after considering all of the evidence and testimony on a given issue, you find that both sides of the issue are equally probable, then the plaintiff has failed to sustain her burden, and you must decide that issue against the plaintiff.

However, the plaintiff need prove no more than a preponderance. As I indicated, a preponderance of the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether an element of a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them. So long as you find that the scales tip, however slightly, in favor of the plaintiff, then that element will have

been proven by a preponderance of the evidence.    Some of you may have heard of "proof beyond a reasonable doubt." That is the proper standard of proof in a criminal trial. That standard does not apply to a civil case, such as this, and you should not consider it in this case.

Throughout these instructions to you, I will use the word "prove" from time to time, with reference to the burden of proof. I will also speak of your "finding" various facts as to elements of the claims made in this case. You are to understand my use of the word "prove" to mean "prove by a preponderance of the evidence" even if I do not always repeat all these exact words. Similarly, when I say that you must "find" a fact in order to return a verdict in favor of one or all of the plaintiffs or defendants, you must find that fact to have been proved by a preponderance of the evidence even if I simply use the word "find."

**Proposed Jury Instruction No. 2 TESTIMONY OF SHERIFFS**

Some of the testimony that you have heard has been the testimony of several people who were employees of the Hartford County Sheriff's Department and are now employed by the Judicial Branch of the State of Connecticut. The testimony of a sheriff, former sheriff, or judicial marshall is entitled to no greater or lesser weight than any other witness's testimony. A sheriff, former sheriff or judicial marshall who takes the witness stand subjects his or her testimony to the same examination and the same tests that any other witness does. When you consider a sheriff, former sheriff, or judicial marshall's testimony, you should use the same tests for truthfulness that you use with other witnesses.

**<u>Proposed Jury Instruction No. 3: Section 1983 Claim</u>**

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To establish a claim under Section 1983, the plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that one or more of the defendants*acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff I shall now examine each of the three elements in greater detail. 42 U.S.C. §1983.

"Acting under color of law" means "under pretense of law" and simply means that the acts complained of would not have occurred but for the fact that the person committing them was an official purporting to exercise his or her official powers.

In this case, it is not disputed that the actions of one or more of the defendants were taken while acting in their official capacity, and you can, therefore, find that they were acting under color of law, within the meaning of the statute. <u>Monroe vs. Pape</u>**,** 365 U.S. 167 (1961).

The plaintiff must next prove that those acts caused her to suffer the loss of one or more Federal rights. The plaintiff claims that she was caused to lose her equal protection rights as well as procedural and substantive due process rights which I will explain in more detail later on.

The Plaintiff's federal civil rights claim states that the Defendant violated her right to equal protection of the laws, under the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment provides, in relevant part, that "No State shall ...deny to any person within its jurisdiction the equal protection of the laws." This, the equal protection clause of the United States Constitution, is violated where government officials intentionally treat individuals differently from other persons similarly situated. Yale Auto Parts. Inc. vs. Johnson, 758 F. 2d 54, 61 (2d Cir. 1985); Powell vs. Power, 436 FR. 2d 84, 88 (2d Cir. 1970).

The Plaintiff can prove this claim if she established that she, compared with others similarly situated, was selectively treated, that such selective treatment was based upon malicious or bad faith intent to injure her, and that such treatment had no legitimate relationship to a rational state interest. LeClair vs. Saunders, 627 F.2d 606, 609-610 (2d Cir. 1980); City of Cleburne, Texas vs. Cleburne Living Center, 473 U.S. 432, 439-40 (1985).

The third element which the plaintiff must prove with respect to both her due process and equal protection claims, is that one or more of the defendants* acts were a proximate cause of the injuries she sustained. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by one plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of any defendants* act or omission. If an injury was a direct result or a reasonably probable consequence of a defendants* act or omission, it was proximately caused by such act or omission. In other words, producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order for the plaintiff to prevail on her civil rights deprivation claim, she need not prove that the defendants intended to deprive her of her Constitutional rights. It is also not necessary to

5

prove an intent, motive or purpose to discriminate. It is sufficient to establish that the deprivation of Constitutional rights or privileges was the natural consequences of the actions of defendants acting under color of law, irrespective of whether such consequence was intended. Gomez vs. Toledo, 446 U.S. 635, 100 S. Ct. 1920, 64 L.Ed.2d 572 (1980); Urv vs. Santee, 303 F.Supp. 119 (N.D. I11.1969); Richardson vs. Indianapolis, 658 F.2d 494 (7th Cir. 1981).

If you determine that the Defendant is liable to the Plaintiff for the wrongs alleged in this action, based upon any of the claims raised, you should then consider damages. The object of an award of damages is to place the injured party, as near as may be possible, in the situation he would have occupied, if the wrong had not been committed. Within the guidelines of these instructions, the amount to be awarded rests largely in your good discretion. Albemarle Paper Company vs. Moody, 422 U.S. 405 (1975).

The federal civil rights act under which the plaintiff brings this suit was enacted by Congress to enforce the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment to the Constitution provides that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

You are instructed as a matter of law that under the Constitution of the United States, every citizen has the right to his liberty, that is, the right not to be denied or barred from public employment under circumstances that put his or her reputation, honor or integrity at stake without due process of law.

You are further instructed that the federal civil rights statute under which the plaintiff sues provided that a person may seek relief in this court by way of damages against any person or persons

who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

## **Proposed Jury Instruction NO. 4: DAMAGES**

If you find the defendant is liable to the plaintiff under any or all of the foregoing theories, then you must also determine an amount that is fair compensation for all of the injuries, if any, that they suffered because of the discrimination. The purpose of damages is to make the plaintiff whole—that is, to compensate the plaintiff for damages that the plaintiff has suffered. Under 42 U.S.C. §1983 damages include (1) lost salary and benefits and (2) compensatory damages for intangible losses. Intangible losses may include, but are not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, shame, loss of self-esteem, fear, embarrassment, depression, and injury to reputation or professional standing which plaintiffs have suffered or may suffer in future.

You may award damages only for injuries that the Plaintiff proves were caused by the Defendants* allegedly discriminatory conduct. The damages that you award must be fair compensation for all the Plaintiff's damages, no more and no less. You should not award damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or is reasonably likely to suffer in the future.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

One element of the damages that you must consider is backpay and benefits. That is, as part of a damage recovery, you must award the Plaintiff an amount equal to the pay that he would have received had he been assigned to full time word as were his younger counterparts.

Plaintiff is not required to prove with unrealistic precision the amount of lost earnings, if any, due. Any ambiguities in determining what they would have earned should be resolved against the Defendants.

If Defendants are found liable, the Plaintiff is entitled to compensatory damages that he have suffered as a direct result of Defendants* conduct. No evidence of the monetary value of intangible things, such as mental pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the Plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in light of the evidence.

If you find that the Plaintiff is entitled to compensatory damages for intangible losses, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

If you find that the Defendants are liable for the Plaintiff's injuries, you must award Plaintiff the compensatory damages that he has proven. You also may award punitive damages if the Plaintiff has proven that the Defendants acted with malice or with willfulness or with callous and reckless indifference to the safety or rights of others. One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

If you determine that the Defendants* conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct, and to deter the Defendants and others from engaging in

similar conduct in the future. The law does not require you to award punitive damages; however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. However, the amount can be as large as you believe necessary to fulfill the purposes of punitive damages. You may consider the financial resources of the defendant in fixing the amount of punitive damages and you may impose punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts.

You may consider the following potential items of damage in reaching your determination:

    1. Injury to reputation and standing in the community; and

    2. Shame, humiliation, and mental suffering; and

    3. Out-of-pocket loss, including lost income.


PLAINTIFF
PAUL ALLEN

By_____
Francis A. Miniter
Miniter and Associates
100 Wells Street, Suite 1D
Hartford, CT 06103
phone 860-560-2590
fax    860-560-3238
email: miniter@attglobal.net
Fed. ID No. CT09566

## CERTIFICATION

      I hereby certify that a copy of the foregoing was mailed to the following this _____ day of April, 2005:

Jane B. Emons
Attorney General's Office
Employment Rights
55 Elm St., PO Box 120
Hartford, CT 06141-0120
860-808-5340
Email: jane.emons@po.state.ct.us


Jeffrey William Kennedy
Milano & Wanat LLC
471 E. Main St.
Branford, CT 06405
203-315-7000
Fax: 203-315-7007
Email: jkennedy@mwllc.us



_____
Francis A. Miniter